IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-663-BO

| | | |
|---|---|---|
| RUBY JEAN TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOHN F. LOGAN, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on Ruby Jean Taylor's appeal of an order of the Bankruptcy Court for the Eastern District of North Carolina entered on November 30, 2020. DE 1-1. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

## BACKGROUND

Appellant, Ruby Jean Taylor, is the debtor in the underlying bankruptcy action. She is the owner of real property at 2106 Walnut Bluffs Lane in Raleigh, North Carolina. Appellant Taylor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 11, 2019. The court appointed appellee, John F. Logan, as the trustee to fulfill the duties as provided in 11 U.S.C. § 1302. Pursuant to 11 U.S.C. § 1325(b)(4), Appellant Taylor has an applicable commitment period of three years. Appellant Taylor's Chapter 13 plan, confirmed May 24, 2019, requires Appellant Taylor to make two monthly payments in the amount of $225.00 and then fifty-eight monthly payments of $300.00 to Appellee Logan. On September 29, 2020 the court entered an order allowing Appellant Taylor to sell the real property in Raleigh for $160,000.00, and she

sold the property the following day. This was thirty-three percent higher than the value she attributed to the property on her bankruptcy petition date less than twenty months earlier. The sale order directed that Appellant Taylor receive the first $30,000.00 in net proceeds of the sale and that the balance of the net proceeds be remitted to Appellee Logan pending further order of the court. Net proceeds from the sale totaled $45,826.85, and Appellee Logan received $15,826.85 in nonexempt proceeds pursuant to the sale order. Appellant Taylor asserts that the net proceeds belong to her and that the bankruptcy estate has no interest in the nonexempt proceeds. She requests that the court order Appellee Logan to disburse the nonexempt proceeds to Appellant Taylor.

Shortly after Appellant Taylor filed a disbursement motion, Appellee Logan filed a motion to modify, asserting that the sale of the real property and receipt of the net proceeds constituted a substantial and unanticipated change in Appellant Taylor's financial circumstances warranting modification of her Chapter 13 plan pursuant to 11 U.S.C. § 1329 and Fourth Circuit precedent. On November 30, 2020, the bankruptcy court entered an order denying Appellant Taylor's disbursement motion and allowing Appellee Logan's motion to modify. The court modified the Chapter 13 plan to require two monthly payments in the amount of $225.00, followed by seventeen monthly payments of $300.00, followed by a payment of $16,126.85 in October 2020 to represent the nonexempt proceeds plus a regular monthly payment, and followed by sixteen monthly payments of $300.00, for a modified plan base of $26,476.85. Specifically, the court found that the significant appreciation of the real property's value; Appellant Taylor's unanticipated, post-confirmation sale of the property; and Appellant Taylor's enhanced ability to repay her creditors culminated in a substantial and unanticipated change in the debtor's financial circumstances and that the modification complied with the requirements of 11 U.S.C. § 1325(a).

Appellant Taylor noticed this appeal, citing in her brief the issues of whether the bankruptcy court erred in denying her motion for an order directing trustee to disburse to the debtor the proceeds from the sale of real property as moot when, as she alleges, the proceeds of sale from the residence belonged to Appellant Taylor and whether the bankruptcy court erred in modifying her Chapter 13 plan when, according to plaintiff, it sua sponte altered the plan modification, the evidence failed to show a post-confirmation substantial and unanticipated change of circumstance, and the modification did more than simply modify the plan payment amount.

## DISCUSSION

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

*Motion to Modify*

The standard of review for a motion to modify a Chapter 13 plan is abuse of discretion. *In re Murphy*, 474 F.3d 143, 149 (4th Cir. 2007). The Fourth Circuit has held that a court "abuses its discretion only where it has acted arbitrarily or irrationally, has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous

3

factual or legal premises." *L.J. v. Wilbon*, 633 F.3d 297, 304 (4th Cir. 2011) (citation omitted) (internal quotation marks and alterations omitted).

Pursuant to 11 U.S.C. § 1329(a), a debtor, trustee, or holder of an unsecured claim may propose a modification to a Chapter 13 plan. Permitted modifications include modifications that increase or reduce the amount of payments on claims of a particular class provided for by the plan and modifications that extend or reduce the time for payments. 11 U.S.C. §§ 1329(a)(1)–(2). If a party opposes the modification, a bankruptcy court is required to decide whether to approve or disprove the proposed modification pursuant to 11 U.S.C. § 1329(b)(2). Section 1329 does not specify what justifies a plan modification, but "it is well-settled that a substantial change in the debtor's financial condition after confirmation may warrant a change in the level of payments." *In re Arnold*, 869 F.2d 240, 241 (4th Cir. 1989); *see also Carroll v. Logan*, 735 F.3d 147, 151–52 (4th Cir. 2013) ("The repayment plan remains subject to modification for reasons including a debtor's decreased ability to pay according to plan, as well as the debtor's increased ability to pay. As we have stated before, [w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share some of the wealth," and, "[t]he Supreme Court has eschewed interpreting the Bankruptcy code such that it would deny creditors payments that the debtor could easily make.") (internal quotations omitted). After finding that "Congress did not intend for debtors who experience substantially improved financial conditions after confirmation to avoid paying more to their creditors," the Fourth Circuit adopted an objective test of "whether a debtor's altered financial circumstances could have been *reasonably anticipated* at the time of confirmation by the parties seeking modification" to determine whether a change was unanticipated. *In re Arnold* at 242–43 (internal quotations omitted) (emphasis in original).

Appellant Taylor argues that her changed circumstances were not substantial or unanticipated, as required for modifying a Chapter 13 plan. However, this Court finds that the bankruptcy court judge did not abuse his discretion in finding that Appellant Taylor's changed circumstances were substantial or unanticipated. Appellant Taylor sold her residential property approximately sixteen months after the confirmation of her Chapter 13 plan for more than thirty-three percent of the value listed on Schedule A/B. This increase in value resulted in Appellant Taylor not only maximizing the value of her claimed $30,000 homestead exemption, which she was unable to do when the plan was confirmed, but also realizing proceeds beyond that homestead exemption by $15,826.85. The record provided nothing from which the trustee could have reasonably anticipated either that Appellant Taylor would sell her real property within sixteen months of the confirmation of the plan or that its value would increase by one-third during that period of time. The Fourth Circuit previously found that a sale of real property for 51.6 percent more than the scheduled value was a substantial and unanticipated change that provided the debtor with net sale proceeds sufficient to pay his unsecured creditors in full. *See In re Murphy*, 474 F.3d at 152–53. Upon considering case law and the facts of this case, this Court finds that the bankruptcy court reasonably found a substantial and unanticipated change in Appellant Taylor's financial circumstances.

Appellant Taylor further argues that the bankruptcy court erred as a matter of law by exercising dominion over Appellant Taylor's money without legal justification. The Court disagrees and finds that the relief granted by the bankruptcy court was proper and in accord with the relief requested by Appellee Logan. The bankruptcy court noted that there was a scrivener's error in Appellee Logan's motion to modify, as the final leg of the modified plan was intended to be $300.00 for sixteen months, rather than for seventeen months. The scrivener's error has no

bearing on the substance of the relief requested, was not a misstatement of fact or law regarding a statutory element required for plan modification under § 1329, and does not rise to the level of the bankruptcy court controlling assets belonging to Appellant Taylor or the bankruptcy estate. To deny relief based on the scrivener's error would likely lead to multiple hearings on the same facts, involving the same parties, and regarding the same issues, which is antithetical to the efficient administration of justice. Additionally, Appellee Logan, in his motion to modify, requested any relief that was just and proper to account for the debtor's receipt of the net sale proceeds. The prayer for relief was unambiguous, and the bankruptcy court did not abuse its discretion in correcting the scrivener's error in the motion to modify through its modified plan.

*Motion to Disburse*

In its November 30, 2020 order, the bankruptcy court denied Appellant Taylor's motion to disburse, specifically finding that modification mooted the relief Appellant Taylor sought because the nonexempt proceeds were to be paid into the Chapter 13 plan pursuant to the modification. "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases and controversies." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citing U.S. Const. art. III, § 2) (quotations omitted) (alteration in original). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Here, Appellant Taylor sought an order directing the Trustee to Disburse to the Debtor the proceeds from the Sale of Real Property." DE 7-5, p. 4. In the order modifying the plan, the bankruptcy court specifically found that the nonexempt proceeds are to be paid into the plan. Therefore, this requested relief therefore became an impossibility. The Court therefore agrees

6

with the bankruptcy court's judgment that Appellant Taylor's standing to request receipt of the net proceeds became moot.

Appellant Taylor argues that even though the bankruptcy court modified the plan to include a payment amount of $16,126.85, which was the amount of the net proceeds plus a regular monthly payment, for October 2020, it was still Appellant Taylor's decision as to when, how, and whether she would make the plan payment. However, this Court finds that the net proceeds were properly under the bankruptcy court's oversight. The district court, from which the bankruptcy court derives its jurisdiction, has exclusive jurisdiction over all property, wherever located, of the debtor and of the estate as of the commencement of title 11 suit. *See* 28 U.S.C. § 1334(e)(1). Furthermore, the Chapter 13 plan in this case reads, "Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in Debtor, property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor, and "[t]he Debtor's use of the property remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules."

Therefore, based on the applicable language and rules, the bankruptcy court may, through an order, exercise oversight of non-exempt property, whether termed estate property or property of the Debtor, after confirmation of the Chapter 13 plan. The language in the plan allowed for the transfer of the residential property, and the proceeds realized from that transfer, to become subject to turnover, as is the case here. Appellant Taylor did not object to those provisions in the plan, and she did not pursue an appeal of the sale order through which the bankruptcy court initially exercised oversight of the net proceeds. Even if it was not proper for the bankruptcy court to direct remittance of the net proceeds to the trustee though the sale order, Appellant

7

Taylor accepted the terms of the sale order by failing to appeal it and, subsequently, submitted the net proceeds to oversight by the bankruptcy court. Resultingly, this Court will not overturn bankruptcy court's decision for lack of oversight.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court [DE 1-1] is AFFIRMED.

SO ORDERED, this __1__ day of June, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE